PERRY M. GOLDBERG (CA Bar No. 168,976)
PROGRESS LLP
12121 Wilshire Blvd., Suite 810
Los Angeles, CA 90025
Telephone: (310) 697-7200
goldberg@progressllp.com

Attorneys for Plaintiff GENNCOMM, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GENNCOMM, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>MINISO DEPOT CA, INC., a California corporation; USA MINISO DEPOT INC., a Delaware corporation; MINISO GROUP HOLDING LIMITED, a Cayman Islands corporation; DOES 1-10, inclusive,<br><br>Defendants. | **CASE NO. 2:26-cv-03088**<br><br>**GENNCOMM'S COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

GENNCOMM'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff GennComm, LLC ("GennComm") hereby submits this Complaint for patent infringement against Defendants MINISO DEPOT CA, INC., a California corporation, USA MINISO DEPOT INC., a Delaware corporation, MINISO GROUP HOLDING LIMITED, a Cayman Islands corporation, and DOES 1-10 (collectively, "Defendants).

## JURISDICTION AND VENUE

1.    This is an action for patent infringement, under the patent laws of the United States, 35 U.S.C. § 271 *et seq*.  This Court has subject matter jurisdiction over GennComm's patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

2.    This Court has specific personal jurisdiction over Defendants because Defendants have established minimum contacts with this forum, purposefully directed their infringing activities at this District, and the claims alleged herein arise out of and relate to those forum-directed activities.

3.    This Court has personal jurisdiction over Defendant Miniso Depot CA, Inc., a corporation organized under the laws of the State of California, because it resides in this State, regularly transacts business in this District, and has committed acts of patent infringement in this District, including by distributing, selling, and offering to sell the accused products here.

4.    This Court has personal jurisdiction over Defendant USA MINISO Depot Inc., a corporation organized under the laws of Delaware, because it has continuous and systematic contacts with the State of California. It has purposefully availed itself of the privileges of conducting business in this State and has committed acts of patent infringement in this District by importing, distributing, selling, and/or offering to sell the accused products to consumers within the Central District of California.

5.    This Court has personal jurisdiction over Defendant MINISO Group Holding Limited pursuant to Federal Rule of Civil Procedure 4(k)(2) and the California long-arm statute (Cal. Civ. Proc. Code § 410.10). MINISO Group Holding Limited is a foreign corporation organized under the laws of the Cayman Islands with its principal place of

business in Guangzhou, China. Its contacts with the United States as a whole—including directing the design, manufacture, importation, and sale of the accused products into the United States through its wholly owned subsidiaries—satisfy the requirements of due process. Upon information and belief, MINISO Group Holding Limited is not subject to jurisdiction in any single state's courts of general jurisdiction. Exercising jurisdiction over MINISO Group Holding Limited is consistent with the United States Constitution. In the alternative, personal jurisdiction is proper under an alter-ego and/or agency theory, as MINISO Group Holding Limited dictates and controls the infringing activities of its U.S. subsidiaries within this District.

6. Venue is proper in this District as to Defendant Miniso Depot CA, Inc. under 28 U.S.C. § 1400(b) because it is incorporated in the State of California and therefore resides in this District.

7. Venue is proper in this District as to Defendant USA MINISO Depot Inc. under 28 U.S.C. § 1400(b) because, upon information and belief, it has committed acts of infringement in this District and maintains a regular and established place of business in this District, including operating retail storefronts and/or distribution facilities located within the Central District of California.

8. Venue is proper in this District as to Defendant MINISO Group Holding Limited under 28 U.S.C. § 1391(c)(3) because it is a foreign corporation not resident in the United States and therefore may be sued in any judicial district.

## NATURE OF ACTION

9. GennComm asserts that Defendants have willfully infringed upon GennComm's United States Patent No. 10,596,475 (the "'475 Patent").

## THE PARTIES

10. GennComm is a limited liability company organized and existing under the laws of the State of California and is headquartered in Los Angeles County.

11. Defendant USA Miniso Depot Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at

GENNCOMM'S COMPLAINT FOR PATENT INFRINGEMENT

1050 Lakes Dr., Suite 260, West Covina, California 91790. Defendant USA MINISO Depot Inc. may be served with process through its registered agent, Bobby Choy, located at 1050 Lakes Dr., Suite 260, West Covina, California 91790.

12. Defendant Miniso Depot CA, Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 1050 Lakes Dr., Suite 260, West Covina, California 91790. Defendant Miniso Depot CA, Inc. may be served with process through its registered agent, Bobby Choy, located at 1050 Lakes Dr., Suite 260, West Covina, California 91790.

13. Upon information and belief, Defendant MINISO Group Holding Limited is a foreign corporation organized and existing under the laws of the Cayman Islands, with its principal executive offices located at 8F, M Plaza, No. 109, Pazhou Avenue, Haizhu District, Guangzhou 510000, Guangdong Province, People's Republic of China.

14. Upon information and belief, Defendant MINISO Group Holding Limited ("Miniso Parent") exercises complete domination and control over the business affairs of Defendants Miniso Depot CA, Inc. and USA Miniso Depot, Inc. (collectively, the "Miniso Subsidiaries").

15. Upon information and belief, there exists a unity of interest and ownership between Miniso Parent and the Miniso Subsidiaries such that any separate and distinct corporate personalities among them do not in fact exist, and the Miniso Subsidiaries are merely the alter egos, instrumentalities, and/or conduits through which Miniso Parent conducts its business in the United States, including within this District.

16. The Miniso Subsidiaries are wholly owned by Miniso Parent. Miniso Parent and the Miniso Subsidiaries operate as a single, integrated enterprise. Upon information and belief, Miniso Parent dictates the design, manufacture, marketing, pricing, and global intellectual property strategy for the accused products, including the accused memory foam plush toys. The Miniso Subsidiaries have no independent discretion regarding the sourcing or sale of these accused products and exist primarily to distribute and sell the products manufactured and directed by Miniso Parent.

GENNCOMM'S COMPLAINT FOR PATENT INFRINGEMENT

17.    Upon information and belief, the unity of interest and ownership between Miniso Parent and the Miniso Subsidiaries is evidenced by, among other things: (a) overlapping officers, directors, and key personnel; (b) Miniso Parent's consolidation of the Miniso Subsidiaries' financial results in its public filings and financial statements; (c) the sharing of common branding, marketing materials, and centralized corporate websites; (d) Miniso Parent's direct financing or capitalization of the Miniso Subsidiaries; and (e) Miniso Parent's direct involvement in the day-to-day operational decisions of the Miniso Subsidiaries' retail and distribution networks in California.

18.    In addition, or in the alternative, the Miniso Subsidiaries act as the general agents of Miniso Parent in the State of California and this District. The Miniso Subsidiaries perform services that are sufficiently important to Miniso Parent that, if the Miniso Subsidiaries did not exist, Miniso Parent would have to perform those services itself to access the United States market. The actions of the Miniso Subsidiaries in importing, distributing, offering for sale, and selling the accused products in this District are done within the scope of this agency relationship and with the knowledge, consent, and authorization of Miniso Parent.

19.    Adherence to the fiction of the separate corporate existence of Miniso Parent and the Miniso Subsidiaries would permit an abuse of the corporate privilege and would sanction a fraud or promote injustice. Specifically, recognizing the corporate shell would allow Miniso Parent—the ultimate architect and beneficiary of the patent infringement alleged herein—to reap the financial benefits of selling the infringing memory foam plush toys in the United States while inequitably shielding itself from liability and evading the jurisdiction of this Court.

20.    GennComm does not know the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants named herein as DOES 1-10, inclusive.  GennComm therefore sues them by use of fictitious names.  GennComm is informed and believes that Doe Defendants 1 through 10 are affiliated in some manner with the Miniso enterprise and have direct, contributory, or vicarious responsibility for

the wrongful act as alleged herein. GennComm will amend this pleading appropriately once the true names and capacities of the Doe Defendants 1-10 are learned. As used below with respect to GennComm's patent infringement counterclaims, the term "Miniso" shall collectively refer to Miniso Parent, Miniso Subsidiaries, and the DOES 1-10.

## PATENTS-IN-SUIT

21. U.S. Patent No. 10,596,475 (the "'475 Patent") was duly and legally issued on March 24, 2020 by the United States Patent and Trademark Office and is owned by GennComm. The '475 Patent is entitled "Plush Stuffed with Molded or Sculpted Foam."

## BACKGROUND

22. GennComm is a product development company specializing in the toy industry. Recognizing the "squishy" trend in the toy industry, GennComm developed a concept for a plush toy filled with a character-shaped, slow-rise foam. GennComm called the concept "Pop Up Plush™."

23. GennComm entered into an agreement with Beverly Hills Teddy Bear Company ("BHTB") regarding the concept. BHTB launched several lines comprising character-shaped memory-foam covered in plush. The toys, mostly sold as "Squeezamals®," were a huge success. Since then, GennComm has entered into agreements with numerous companies relating to GennComm's patents, including the '475 Patent.

24. Miniso Parent, operating globally and within the United States through its wholly owned subsidiaries (including the Miniso Subsidiaries), is a multinational retail corporation specializing in consumer lifestyle goods. A cornerstone of Defendants' global retail strategy and product lineup is the design, manufacture, importation, and sale of plush toys and soft textile products. In recent years, Defendants have heavily saturated the United States market—including numerous retail storefronts and e-commerce channels operating within the Central District of California—with a highly lucrative line of ultra-soft, slow-rebound plush dolls. Defendants actively market, label, and sell these

5

GENNCOMM'S COMPLAINT FOR PATENT INFRINGEMENT

accused products to consumers using descriptors such as "memory foam," "slow rebound," and "super squishy," deliberately utilizing the specific tactile and material properties protected by the '475 Patent.

## COUNT I

### (Infringement of the '475 Patent)

25. GennComm repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in the foregoing paragraph.

26. Defendants have infringed and continues to infringe one or more claims of the '475 Patent, including but not limited to exemplary claim 2, pursuant to 35 U.S.C. section 271(a), at least by without authority offering to sell and/or selling the product within the United States or importing that product into the United States.

27. Claim 2 of the '475 Patent, which incorporates the limitations of Claim 1, claims the following:

"A plush toy comprising:

a foam inner formed into a first shape comprising a compressible foam material having an outer surface, the foam inner having a natural size when unconstrained;

a flexible outer covering having a second shape aligned with the first shape of the foam inner and entirely surrounding the foam inner and having an unconstrained size smaller than the natural size of the foam inner, the outer covering having an inner surface for contacting the foam inner, and an outer surface;

the plush toy having

a first uncompressed form with a natural size and shape wherein the inner foam is at least partially compressed and constrained by the outer covering and does not achieve its natural size; and

a plurality of compressed forms smaller than the unconstrained forms;

wherein when the plush toy is compressed to a one of the compressed forms, upon release the foam inner expands back toward its unconstrained size and the plush

GENNCOMM'S COMPLAINT FOR PATENT INFRINGEMENT

toy thereby expands to the uncompressed form with the natural size and shape of the plush toy.

wherein the foam inner is compressible to at least 33% of the natural size.

28.    Miniso plush toys with foam inner sold in connection with the Sanrio brand, "We Bare Bears" brand and the Marvel brand (collectively, the "Miniso Products") meet each of the limitations of exemplary Claim 2. GennComm believes that numerous other Miniso products also meet each of the limitations of exemplary Claim 2.

29.    The Miniso Products are each a plush toy comprising a foam inner.

30.    The foam is formed into a character shape.

31.    The foam is compressible, has an outer surface, and has a natural size when unconstrained.

32.    The Miniso Products each have a flexible outer covering shaped to and aligned with the character shape of the foam inner and entirely surrounding the foam inner and having an unconstrained size smaller than the natural size of the foam inner.

33.    The outer covering has an inner surface for contacting the foam inner, and an outer surface.

34.    The Miniso Products each have a first uncompressed form with a natural size and shape wherein the inner foam is at least partially compressed and constrained by the outer covering and does not achieve its natural size; and a plurality of compressed forms smaller than the unconstrained form.

35.    When the Miniso Products are compressed to one of the compressed forms, upon release the foam inner expands back toward its unconstrained size and the plush toy thereby expands to the uncompressed form with the natural size and shape of the plush toy.

36.    The foam inner of the Miniso Products can be compressed to at least 33% of its natural size.

37.    On information and belief, Defendants have been well aware of GennComm's '475 Patent since the date the patent issued (March 24, 2020).

GENNCOMM'S COMPLAINT FOR PATENT INFRINGEMENT

38.   Defendants' conduct constitutes willful infringement.

39.   GennComm is entitled to damages in accordance with 35 U.S.C. sections 271, 281, 284 and 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff GennComm, LLC prays for relief as follows:

1.   That the Court declare that Defendants have infringed the '475 Patent;

2.   That the Court award damages adequate to compensate GennComm for Defendants' infringement;

3.   That the Court award prejudgment and post-judgment interest;

4.   That the Court order an accounting of all infringing sales and other infringing acts by Defendants, and an order compelling an accounting for infringing acts not presented at trial and an award by the Court of additional damages for such acts;

5.   That the Court declare that Defendants' infringement of the '475 Patent has been willful;

6.   That the Court deem this to be an exceptional case as defined by 35 U.S.C. section 285;

7.   That the Court award GennComm its reasonable attorneys' fees;

8.   That the Court award GennComm its costs of suit; and

9.    That the Court award GennComm such further relief as the Court deems just and proper.

Respectfully submitted,

DATED: March 23, 2026

By:    /s/ Perry Goldberg
PERRY GOLDBERG (CA Bar No. 168,976)
PROGRESS LLP
12121 Wilshire Blvd., Suite 810
Los Angeles, California 90025
Telephone: (310) 697-7200
goldberg@progressllp.com

Attorneys for Plaintiff GennComm, LLC

9

GENNCOMM'S COMPLAINT FOR PATENT INFRINGEMENT

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38- Plaintiff GennComm, Inc. hereby demands a trial by jury of any and all issues triable of right by a jury pursuant to the Seventh Amendment to the United States Constitution or as given by a statute of the United States.

DATED: March 23, 2026       By:   /s/ Perry Goldberg
                                      PERRY GOLDBERG (CA Bar No. 168,976)
                                      PROGRESS LLP
                                      12121 Wilshire Blvd., Suite 810
                                      Los Angeles, California 90025
                                      Telephone: (310) 697-7200
                                      goldberg@progressllp.com

                                      Attorneys for Plaintiff GennComm, LLC

GENNCOMM'S COMPLAINT FOR PATENT INFRINGEMENT